**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/2026

ADEEL SHUJA,

                         Plaintiff,

               - against -

ABBVIE INC.,
ZELTIQ AESTHETICS, INC.,
ALLERGAN USA, INC.,
ALLERGAN, INC. d/b/a ALLERGAN
AESTHETICS,
ALLERGAN UNLIMITED COMPANY f/k/a
ALLERGAN PLC,
ALLERGAN SALES, LLC, and
ALLERGAN HOLDCO US, INC.,

                       Defendants.

**25 Civ. 08939 (VM)**

<u>**DECISION AND ORDER**</u>

**VICTOR MARRERO, United States District Judge.**

This is a products liability action that was removed from the Supreme Court of New York, Bronx County (the "State Court") to this Court. (<u>See</u> Dkt. No. 1.) In response, Plaintiff Adeel Shuja ("Shuja") filed a motion for joinder and remand (Dkt. No. 24 [hereinafter the "Motion" or "Mot."]) requesting that this Court (1) join Coolspa LLC ("Coolspa") and Dr. David P. Rapaport ("Rapaport," and together with Coolspa the "Coolspa Defendants") as defendants in this action against AbbVie Inc., Zeltiq Aesthetics Inc., Allergan USA Inc., Allergan Inc. d/b/a Allergan Aesthetics, Allergan Unlimited Company f/k/a Allergan PLC, Allergan Sales, LLC, and Allergan Holdco US, Inc. (collectively the "Defendants" or the "AbbVie Defendants") and (2) concomitantly remand this

case to the State Court pursuant to 28 U.S.C. § 1447(e) ("Section 1447(e)").

Shuja argues that joinder is appropriate and that because joining the non-diverse Coolspa Defendants in this action would defeat complete diversity jurisdiction, this Court must remand the case to the State Court where it was originally filed. Defendants argue that joinder and remand is inappropriate because: (1) Shuja failed to properly amend his complaint (Dkt. No. 1-2, Ex. A, [hereinafter the "Complaint" or "Compl."]) to add the non-diverse Coolspa Defendants; and (2) joinder of the Coolspa Defendants would be fundamentally unfair to the Defendants in this case.

As further explained below, Shuja's procedural failure to amend the Complaint is not a concern because the Court can remedy this issue by directing Shuja to file an amended complaint as part of the relief granted. The joinder of the Coolspa Defendants would also not be fundamentally unfair to the Defendants in this action because: (1) Shuja did not delay in seeking joinder; (2) there is no prejudice to the Defendants; (3) denial of joinder would result in multiple litigation; and (4) Shuja's motivation for seeking joinder was to consolidate the actions in one court, thus serving the basic interest of judicial economy.

2

Accordingly, Shuja's motion for joinder and remand is **GRANTED**.

## I.    BACKGROUND

This litigation comprises a products liability action against the manufacturers of a medical device known as CoolSculpting. (See Compl. ¶¶ 82-172.) CoolSculpting is an FDA-cleared, class II medical device that uses controlled cooling to target and freeze fat cells under a patient's skin, in a process known medically as cryolipolysis. (See Dkt. No. 28 [hereinafter "Opp."] at 1-2.) Shuja alleges that he underwent a CoolSculpting treatment on October 5, 2022, at a clinic in Manhattan, New York, known as Coolspa and suffered severe burning and scarring. (See Compl. ¶¶ 52-80.) On September 17, 2023, Shuja commenced an action in State Court titled Shuja v. Coolspa LLC et. al., Bronx County Index No. 814234/2023E (the "Coolspa Action") for claims of negligence and negligent hiring and retention against Coolspa, the practice where Shuja alleged his CoolSculpting treatment was conducted, and against Rapaport, the physician who Shuja claimed operated Coolspa. (See Dkt. No. 25-1, Ex. A.) Shuja alleges that he did not know the identities of the manufacturers of the CoolSculpting device when he filed the Coolspa action. (See Dkt. No. 26 [hereinafter "Shuja Mem."]

3

at 1-2.) However, during discovery in that action, Shuja learned the manufacturers' identities. (See id. at 2.)

On October 2, 2025, Shuja filed suit against the AbbVie Defendants in State Court under index number 820901/2025E. (See Compl.) That same day, Shuja in the Coolspa Action moved to consolidate the Coolspa Action with the more recently filed action against the AbbVie Defendants. (See Dkt. No. 25-3, Ex. C, [hereinafter the "Consol. Mot."].) Shuja claims that he filed a separate action in State Court against the AbbVie Defendants and then moved to consolidate it with the Coolspa Action because the statute of limitations was about to expire, and he was concerned that a motion in the Coolspa Action would not have been heard and decided in time. (See Shuja Mem. at 2 n.1.)

On October 28, 2025, the AbbVie Defendants removed this action to this Court based on diversity jurisdiction, alleging that the parties were completely diverse and that the amount in controversy exceeded $75,000. (See Dkt. No. 1.) Shuja does not dispute that diversity jurisdiction currently exists in this action. On November 28, 2025, the State Court in the Coolspa Action denied the motion to consolidate, with leave to renew, because Shuja failed to show proof of service on the AbbVie Defendants. (See Dkt. No. 28-1, Ex. A.)

4

Shuja now moves to join Coolspa and Rapaport in this action, and concomitantly, remand this action to State Court pursuant to Section 1447(e). Coolspa is a domestic limited liability company doing business in the State of New York. (See Dkt. No. 25-1, Ex. A.) Rapaport is a physician licensed to practice medicine in the State of New York. (See id.) Since Shuja is a resident of the State of New York, (see id.), adding the Coolspa Defendants to this action would defeat diversity jurisdiction, thereby requiring remand to State Court.

## II.  LEGAL STANDARDS

Pursuant to Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

To determine whether to permit joinder and remand an action to the state court pursuant to Section 1447(e), Courts in this Circuit engage in a two-part analysis. See Getaway 151, LLC v. ACE Prop. & Cas. Ins. Co., No. 25-CV-2975, 2025 WL 2910594, at *1 (S.D.N.Y. Oct. 14, 2025). First, the Court must determine whether joinder is permissible under Federal Rule of Civil Procedure 20 ("Rule 20"), "which permits a joinder of multiple defendants in one action if the plaintiff

asserts against them 'any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and 'any question of law or fact common to all defendants will arise in the action.'" Id. (quoting Fed. R. Civ. P. 20(a)(2)). Second, if joinder is proper under Rule 20, courts then "conduct a 'fundamental fairness' analysis to 'ascertain whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand.'" Durstenburg v. Electrolux Home Prods., Inc., No. 15-CV-9277, 2016 WL 750933, *1 (S.D.N.Y. Feb. 13, 2016) (quoting McGee v. State Farm Mut. Auto Ins. Co., 684 F. Supp. 2d 258, 262 (E.D.N.Y. 2009). This "fundamental fairness" analysis involves four factors: "(1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." Nazario v. Deere & Co., 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). "Diversity-destroying joinder is permitted when the factors weigh in the moving party's favor." Id.

### III. DISCUSSION

Shuja contends that pursuant to Section 1447(e), joinder of the non-diverse Coolspa Defendants is permissible under Rule 20 and is not fundamentally unfair to Defendants.

6

Defendants argue (1) that joinder and remand is procedurally improper under Section 1447(e) because Shuja has not amended the Complaint to add the non-diverse Coolspa Defendants and (2) joinder is fundamentally unfair to the current Defendants. As explained below, joinder and remand are proper here because the Court finds that any procedural deficiencies can be remedied as part of the relief granted by the Court, joinder is permissible under Rule 20, and joinder is not fundamentally unfair to the Defendants.

**A. Remand is Not Procedurally Improper Under Section 1447(e).**

Defendants first argue that joinder and remand is improper under Section 1447(e) because a court cannot remand an action "for the prudential reason that remand will facilitate the consolidation of a removed federal action with a pending state court action [.]" (Opp. at 5.) Defendants cite LeChase Constr. Servs., LLC v. Argonaut Ins. Co., 63 F.4th 160, 162-63, 174 (2d Cir. 2023), for the proposition that "remand under [S]ection 1447(e) is proper only if a court permits the plaintiff to join a nondiverse party and thereby destroy diversity jurisdiction." Id. The Defendants' argument continues that "[b]ecause Plaintiff failed to amend his complaint or move to amend under Rule 15 to join the non-diverse Coolspa defendants and he does not dispute that

diversity jurisdiction exists, the Court cannot remand this case under [S]ection 1447(e) to facilitate its consolidation with the Coolspa Action." Id.

In response, Shuja contends that these procedural deficiencies do not prevent the Court from granting the requested relief. Shuja argues that unlike the plaintiff in LeChase, he has moved to join the non-diverse Coolspa Defendants as part of his motion for joinder and remand currently before the Court. (See Dkt. No. 29 [hereinafter the "Reply"] at 1-2.) Regarding the failure to file or propose an amended complaint naming the non-diverse defendants, Shuja asserts that to the extent such a filing is necessary, the Court can direct him to file an amended complaint as part of the relief granted. (See Reply at 2.)

Shuja, through his Motion, seeks to join two additional defendants who would destroy diversity jurisdiction, thereby implicating the Court's discretion to consider joining the non-diverse defendants and remanding the case to State Court under Section 1447(e). The Court agrees with Shuja that LeChase is not applicable here. In LeChase, the United States Court of Appeals for the Second Circuit found that the district court had exceeded its authority by remanding an action under Section 1447(e) for prudential judicial economy reasons even though the plaintiff did not actually seek to

8

join a non-diverse defendant. See 63 F.4th at 172-174. Here, Shuja seeks to join two non-diverse defendants, Coolspa and Rapaport, and remand the action to State Court. Therefore, the Court can properly consider whether joinder and attendant remand is proper under Section 1447(e). See LeChase, 63 f.4th at 172 ("The plain text of section 1447(e) authorizes district courts to 'remand [an] action to the [s]tate court' only '[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction' and the district court decides, in its discretion, to 'permit [such] joinder.'" (quoting 28 U.S.C. § 1447(e))).

That Shuja has not amended or moved to amend his Complaint to join the non-diverse Coolspa Defendants as required by Rule 15 is a procedural concern that will not prevent the Court from addressing the substance of Shuja's Motion. Courts in this District have directed plaintiffs to file an amended complaint adding the non-diverse defendants as part of the relief granting remand to state court. See Getaway 151, 2025 WL at *3 (S.D.N.Y. Oct. 14, 2025) (granting Section 1447(e) relief and directing plaintiff to "file and serve an amended complaint, consistent with this decision, within thirty (30) days"); Wyant v. Nat'l R.R. Passenger Corp., 881 F. Supp. 919, 925 (S.D.N.Y. 1995)("The plaintiffs

are directed to serve and file an amended complaint within thirty (30) days of the date of this opinion. Immediately upon filing and service of the amended complaint, the Clerk of the Court is directed to remand the case to the New York State Supreme Court, New York."); Hare v. Evenflo Co., Inc., 01-CV-8723 2001 WL 1606943, at *2 (S.D.N.Y. Dec. 17, 2001) (granting Section 1447(e) relief and directing plaintiff to file an amended complaint adding the non-diverse defendant and remanding to state court). Here, as explained further below, the Court will grant Shuja's Motion to join Coolspa and Rapaport as non-diverse plaintiffs and will direct Shuja to file an amended complaint to this effect. Upon Shuja's filing of the amended complaint adding the Coolspa Defendants, the action will be remanded to State Court.

**B. Joinder is Appropriate Under Rule 20 and Not Fundamentally Unfair to the Defendants in This Action.**

Applying the two-part framework courts in this Circuit use to analyze whether joinder is proper under Section 1447(e), Shuja first argues that joinder is permissible under Rule 20. Shuja contends that Rule 20 is satisfied because his claims in both actions, "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and concern questions of "law or fact common to all defendants." (See Shuja Mem. at 3-4 (quoting Fed. R. Civ. P. 20(a)(2)).)

Defendants do not contest that joinder is permissible under Rule 20.

Joinder is permissible here because Shuja's claims in both actions arise out of the same transaction or occurrence and the causation of Shuja's injuries is a common question of law or fact. Here the transaction or occurrence at issue is the October 5, 2022, CoolSculpting treatment at the Coolspa clinic where Shuja allegedly suffered severe burning and scarring. (See Compl. ¶¶ 52-80.) The claims against the Coolspa Defendants and the Defendants in this action therefore "clearly arise out of the same incident." Durstenberg, 2016 WL at *1. Additionally, the issue of causation regarding Shuja's injuries will "involve many of the same common issues of law and fact" for both the Coolspa Defendants and the Defendants in this action. Id. Accordingly, joinder under Rule 20 is proper. See Getaway 151, 2025 WL at *2 (joinder proper where plaintiff's right to relief against all defendants arose from the same transaction or occurrence and because there were common questions of law or fact).

Next, the Court finds that all four factors in the fundamental fairness analysis weigh in favor of Shuja.

(1) Plaintiff's Delay: The first factor is whether the plaintiff delayed seeking joinder. Delay is "measured

from the date of removal," <u>Durstenberg</u>, 2016 WL at *2. Here the delay is minimal because Shuja announced his intention to move to join the Coolspa Defendants and remand this action to State Court in a pre-motion letter to the Court filed on November 11, 2025, two weeks after the notice of removal was filed. (<u>See</u> Dkt. No. 9.) Shuja then filed the Motion on November 25, 2025, on a schedule agreed to by the parties and endorsed by the Court. (<u>See</u> Dkt. Nos. 20, 25.) Because there was minimal delay, this factor weighs in favor of Shuja.

(2) <u>Prejudice to Defendant</u>: The second factor, whether joinder would result in prejudice to the Defendants, also weighs in favor of Shuja. "In assessing prejudice to the nonmovant, courts consider factors such as how far along the case has progressed, whether the proposed amendment would significantly expand the scope of discovery, and whether remand would require the defendant 'to revise or abandon a litigation strategy for which resources have already been expended.'" <u>Getaway 151</u>, 2025 WL at *2 (quoting <u>Nazario</u>, 295 F. Supp. 2d at 364). Allowing joinder here would result in little prejudice to the Defendants as this case began only recently. There has been no discovery in this matter, no trial date has been set, and the Motion has been the

only issue briefed by the parties. See Nazario, 295 F. Supp. 2d at 364 ("Nor has this action advanced in any way to a point where remanding it to state court with additional defendants will require Defendant to revise or abandon a litigation strategy for which resources have already been expended."). Additionally, "[t]here is nothing inherently prejudicial about proceeding in state court." Dadde v. Quest Diagnostics Inc., No. 24-CV-465, 2025 WL 841997, at *3 (E.D.N.Y. Mar. 18, 2025). Therefore, this factor weighs in favor of Shuja.

(3)  Likelihood of Multiple Litigation: The third factor, the likelihood of multiple litigation, weighs slightly in favor of Shuja, because denial of joinder and remand would result in multiple parallel litigations in federal and state court. If Shuja's motion for joinder is denied, he would be forced to pursue his claims against the Coolspa Defendants in State Court, while also pursing his claims against the AbbVie Defendants in this Court. However, as the Defendant's point out, "it is not self-evident that plaintiff's actions are so related that denying remand would heedlessly undermine judicial economy and efficiency." (Opp. at 8 n.1 (quoting Nazario, 295 F. Supp. 2d at 364).) In Nazario, the state court action involved claims of negligence and the

federal court action involved a products liability claim. <u>See</u> 295 F. Supp. 2d at 364. The court in that case found that while "[s]ome particular issues of fact and law will undeniably be argued and litigated in both state and federal court" there was "not such a total congruence between the two actions which clearly tips this factor [in] favor of a remand." <u>Id.</u> Here, the claims in the Coolspa Action are based on negligence, while this action involves product liability claims. Given that there is not a "total congruence between the two actions," this factor only slightly favors Shuja. <u>Id.</u>

(4)  <u>Plaintiff's Motivation</u>: The fourth factor, regarding the plaintiff's motivation for the amendment, weighs in favor of Shuja because his motivation to consolidate his cases in one court is permissible. While seeking joinder so that all claims can be adjudicated in one action is a "permissible motive, a principal desire to destroy diversity jurisdiction is an impermissible motive." <u>Nazario</u>, 295 F. Supp. 2d at 364. Thus, "where the other three factors are met, this Court is required to remand the action to state court unless a plaintiff seeks to add a non-diverse party <u>solely</u> to destroy the court's basis for diversity jurisdiction." <u>Dadde</u>, 2025 WL at *4 (quoting <u>Durstenberg</u>, 2016 WL at *2).

14

Shuja argues that he is pursing joinder so that his claims can be adjudicated in one action. (See Shuja Mem. at 5.) Defendants argue that Shuja is impermissibly motivated to destroy diversity jurisdiction. (See Opp. at 6-8.)

Here Shuja's motivation in seeking joinder is to bring all claims in one court and not simply to destroy diversity jurisdiction. On October 2, 2025, Shuja filed a complaint in State Court against the AbbVie Defendants. (See Compl.) That same day, Shuja also filed a motion in the Coolspa Action to consolidate that action with the more recently filed action against the AbbVie Defendants. (See Consol. Mot.) On October 28, 2025, the AbbVie Defendants filed a Notice of Removal, removing the case to this Court (See Dkt. No. 1.)

Given that Shuja attempted to consolidate the two cases before this action was removed, his motivation appears to be a desire to bring all claims in one court. The reason Shuja filed a separate case against the AbbVie Defendants and then sought to consolidate that action with the Coolspa Action was to avoid violating the statute of limitations. (See Shuja Mem. at 2 n.1.) That Shuja could have sued the AbbVie Defendants earlier as part of the Coolspa Action or could have taken certain

15

additional steps to learn the AbbVie Defendants' identities earlier does not demonstrate an impermissible motive by Shuja to destroy diversity jurisdiction in this case. Since Shuja had previously tried to consolidate the Coolspa Action and this action before the Notice of Removal was filed, Shuja's motivation plausibly appears to be a desire to adjudicate all claims arising from his CoolSculpting injuries in one forum. While the destruction of diversity jurisdiction is clearly a factor motivating Shuja's Motion, as this action will be remanded to State Court only if diversity jurisdiction is destroyed, it is not Shuja's sole or principal motivation. See Dadde, 2025 WL at *4 ("It is not enough that, among other reasons for seeking joinder, 'a plaintiff is motivated to destroy diversity'; that must be the plaintiff's sole motive[.]" (quoting Durstenberg, 2016 WL at *2)). Therefore, this factor weighs in favor of Shuja.

Since all four factors weigh in favor of Shuja, joinder would not be unfair to the Defendants. Because joinder is appropriate under Rule 20 and it will not result in unfairness to the Defendants, pursuant to Section 1447(e), this Court grants Shuja's Motion to join the Coolspa Defendants.

16

Because Coolspa (a New York limited liability company), Rapaport (a physician licensed to practice medicine in the State of New York), and Shuja (a New York resident) are all citizens of New York (see Dkt. No. 25-1, Ex. A), the parties are no longer diverse. "The joinder thus divests the Court of subject-matter jurisdiction." Getaway 151, 2025 WL at *3. Therefore, the Court must remand the case to State Court. See id.

## IV.  ORDER

For the reasons stated above, the Court grants Shuja's motion for joinder and remand to State Court. (See Dkt. No. 24.) The Court respectfully directs the Clerk of Court to terminate the motion at Docket Number 24.

Accordingly, it is hereby

**ORDERED** that plaintiff Adeel Shuja ("Shuja") is directed to serve and file an amended complaint within thirty (30) days of the date of this Order adding Coolspa, LLC and David P. Rapaport as defendants; and it is further

**ORDERED** that immediately upon the filing and service of Shuja's amended complaint, the Clerk of Court is respectfully directed to remand the case to the Supreme Court of the State of New York, Bronx County.

17

**SO ORDERED.**

Dated:     15 January 2026
           New York, New York

_____
                          Victor Marrero
                             U.S.D.J.